IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHARLES EDWARD JOSEPH,     *

    Petitioner,     *

                                                   CASE NO. 5:08-CV-90014 HL

vs.     *              28 U.S.C. § 2255

                                               CASE NO. 5:93-CR-22 (DF) HL

UNITED STATES OF AMERICA,     *

    Respondent.     *

## REPORT AND RECOMMENDATION

      Petitioner Joseph filed on May 9, 2008, a *Motion For Court To Reconsider Its Jurisdiction To Impose The Enhanced Penalty Associated With Petitioner's Two-Hundred and Seventy (270) Month Term of Imprisonment Based On The Section 924(c) Violations.* (D-287). Petitioner's Motion seeks the modification of his sentence, and, as such, is clearly a substitute for a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255.[1]

      Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule

---

[1] The general rule is well established, that collateral attack upon a sentence must be brought through § 2255 in the federal district court that sentenced petitioner. *Birdsell v. Alabama,* 834 F.2d 920, 922 (11th 1987). In *Wofford v. Scott,* 177 F.3d 1236 (11th Cir. 1999), the Court discussed the 'inadequate and ineffective' language, the legislative history of the legislation and the opinions of sister states, and held that this language does not allow a petitioner to escape the restrictions on second or successive § 2255 motions. The mere fact that such a petition is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective.

4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

**Procedural History**

Joseph was originally indicted in this court on March 16, 1993. However, on May 27, 1993, a Superseding Indictment was returned adding defendants to the case without materially changing the five Counts lodged against Joseph. The Indictment charged: in Count I, Conspiracy to Commit an offense against the United States, by taking by force and violence, money from an FDIC bank; in Count II, Bank Robbery in violation of 18 U.S.C. § 2113(a) and 2113(d), assaulting and putting in jeopardy the lives of bank employees by use of dangerous weapons; in Count III, Kidnapping in violation of 18 U.S.C. § 2113(e); Count IV, Use of a Firearm during and in relation to a crime of violence to wit., bank robbery; and Count V, Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(j) and 924(a)(2). (D-81).

On October 20, 1993, Petitioner Joseph was found guilty on all five counts by jury verdict. (D-99). He was sentenced on March 8, 1994, on Counts I, II, III, and V, to a total term of imprisonment of 210 months, all four sentences running concurrently. His sentence was increased by a mandatory 60 month consecutive sentence for Count IV. (D-120). Joseph appealed his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit, which, on January 9, 1996, affirmed the District Court on Counts I-IV, but vacated Joseph's conviction on Count V for lack of evidence. (D-134). The Court noted that, due to the concurrent service of the sentence on Count V, Joseph's total sentence did not change. *Id.*

Petitioner Joseph filed on January 2, 2001, a Motion to Modify Sentence pursuant to 18 U.S.C. § 3582(c)( 2) on U.S.Sentencing Guideline Amendment 599, relative to a sentence enhancement in his sentences for his possession and use of a firearm during the bank robbery offense. (D-197). The District Court declined to modify or reduce Petitioner's sentence by Order dated November 20, 2001. (D-216). Petitioner Joseph appealed this decision, to the United States Court of Appeals for the Eleventh Circuit, which affirmed the District Court's ruling on December 14, 2004. (D-264).

Petitioner Joseph's present Motion, filed on May 9, 2008, makes two assumptions which frame his claims for the relief he seeks here, as follows:

> Assuming that Petitioner satisfies his burden that this Court's imposition of judgment and/or sentence of 270 months imprisonment is clearly erroneous, it goes without argument that this Court, as a matter of law, *Castro*[2] and *Arizona,*[3] supra, has authority and jurisdiction to not only address the merits of this petition, but also to modify its judgment and/or sentence.

(D-287 at 3).

> Assuming that petitioner demonstrates that the statute (924(c)), as applied in his case, is unconstitutional, it goes without argument that the judgment and imposition of imprisonment (for 270 months) is void as a matter of law.

(*Id.* at 4). Petitioner Joseph also contends that:

> [W]hen charged in conjunction with § 2113(d) of Title 18 United States Code (where Congress amended § 924(c) to

---

[2]*Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, (2003).

[3]*Arizona v. California,* 460 U.S. 605, 103 S.Ct. 1382 (1983).

3

> specifically increase punishment for individuals who use or carry a firearm in the course of a felony (armed bank robbery) that is proscribed by a statute which itself authorizes enhancement if a dangerous weapon (firearm) is used) – Section 924(c) does, in fact, single out *bank robbers* in violation of the Bill of Attainder clause.

(*Id.* at 5). Joseph contends that the prohibition against Bills of Attainder contained in Article I, Section 9, Clause 3 of the Constitutional of the United States pertains to his case by citing to *United States v. Hook,* 471 F.3d 766, 776 (7th Cir. 2006), which quotes *Nixon v. Adm. of Gen. Serv.,* 433 U.S. 425, 97 S.Ct. 2777 (1977), stating, "A law is a bill of attainder if it 'legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'"

Throughout his Motion and Memorandum, Petitioner ignores the import of the phrase, "protections of a judicial trial," contained in the Supreme Court decision. He, of course, had a full jury trial as to his guilt of the armed bank robbery. The firearm enhancement contained in his sentence has been reviewed by the United States Court of Appeals for the Eleventh Circuit twice, once on Petitioner Joseph's direct appeal of his conviction and sentence (D-134), and again on his appeal of the denial of his Motion For Reduction of Sentence under 18 U.S.C. § 3582(c)(2) and Amendment 599 relative to the exact issue he raises now. (D-264).

Finally, relying on *Busic v. United States,* 446 U.S. 398, 100 S.Ct. 1747 (1980), Petitioner Joseph contends that the application of the firearm enhancement contained in his sentence has violated his Constitutional right against double jeopardy. His reliance is

4

misdirected, since *Busic* was statutorily repudiated in 1984. The United States Supreme Court noted in *United States v. Gonzales,* 520 U.S. 1, 10, 117 S.Ct. 1032, 1037 (1997), the following:

> In 1984, Congress amended § 924(c) so that its sentencing enhancement would apply regardless of whether the underlying felony statute "provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device." Comprehensive Crime Control Act of 1984, Pub.L. 98-473, § 1005(a), 98 Stat. 2138-2139. Congress thus repudiated the result we reached in *Busic v. United States,* 446 U.S. 398, 100 S.Ct. 1747 (1980).

Petitioner Joseph states in conclusion of his double jeopardy claim that:

> None of the cases dealing with the double jeopardy clause, as it relates to § 924(c) and § 2113(d), have addressed Congress' prohibition under the Separation of Powers doctrine except the Supreme Court's Acknowledgment regarding the Court of Appeals in *Busic,* 64 L.E.2d at 393.

Petitioner's reference is to dicta contained in Mr. Justice Stewart's dissenting opinion in *Busic,* which has no binding or controlling effect. The current state of the law is stated in *Gonzales* cited above.

## Conclusions of Law

While Petitioner Joseph asserts that he has not filed a § 2255 motion heretofore, he also acknowledges that the time for direct appeal or Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 has long since passed. (D-287 at 2). Indeed, subsequent to the passage of the Anti-terrorism and Effective Death Penalty Act (AEDPA) in 1996, Petitioner Joseph had one year from its effective date, to wit., April 24, 1996, to file

5

a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. The fact that he did not file such a motion to raise the issues which he seeks to raise now in 2008, is of no consequence. He was afforded the opportunity by the law. The AEDPA codified as part of 28 U.S.C. § 2255, effective on April 24, 1996, in relevant part provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> > (1) the date on which judgment of conviction becomes final;
> > (2) the date on which impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

First, Petitioner cannot assume to have satisfied his burden of proving that this Court's imposition of judgment and/or sentence of 270 months imprisonment is clearly erroneous, as a matter of law, so that this court has authority and jurisdiction to not only address the merits of this petition, but also to modify its judgment and/or sentence. Likewise, Petitioner cannot rely on an assumption that 18 U.S.C. § 924(c) is unconstitutional, so as to afford this court jurisdiction to review on the merits his present Motion. No authority is found to support such assumptions.

Petitioner Joseph has made no case for Congress having created a Bill of Attainder by its enactment of the Comprehensive Crime Control Act of 1984, nor has he supported with any legal authority his claims of a *double jeopardy* or *separation of powers* violation. Petitioner's Motion should be denied as it is without merit. However, this court does not have jurisdiction to do so, until such time as the United States Court of Appeals for the Eleventh Circuit authorizes the District Court to take jurisdiction of the successive motion.

Petition Joseph's present Motion, sounding in 2255, is barred by the AEDPA statute of limitations, if it is to be considered his first. Petitioner's failure to timely file a § 2255 Motion, was consumed by his failed first opportunity. Therefore, if this motion is not to be disregarded as time barred, it must be considered as a successive motion to correct or vacate his sentence, as he pleads, and he must comply with the provisions of 28 U.S.C. § 2244.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain– (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(8).

"Federal prisoners seeking to file a second or successive Motion To Vacate, Set Aside, or Correct his Sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." *In re Joshua,* 224 F.3d 1281, (11th Cir. 2000).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Joseph's Motion be DISMISSED without prejudice to allow him to make application to the United States Court of Appeals for the Eleventh Circuit for leave to proceed in this court. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 12th day of May 2008.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE