IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHARLES EDWARD JOSEPH,           :
                                 :
          Petitioner,            :
                                 :
v.                               :     Case No. 5:93-CR-22 (HL)
                                 :
UNITED STATES OF AMERICA,        :
                                 :
          Respondent.            :
                                 :

## ORDER

This matter comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 289) on Petitioner's "Motion for Court to Reconsider Its Jurisdiction to Impose the Enhanced Penalty Associated with Petitioner's Two Hundred and Seventy (270) Months Term of Imprisonment Based on the Section 924(c) Violations" (Doc. 287). In the R&R, the Magistrate Judge construes Petitioner's Motion as a Motion to Vacate Under 28 U.S.C. § 2255 and recommends denying the Motion on the grounds that it is both time barred and a second or successive petition. See 28 U.S.C. § 2255 (f), (h). Petitioner has filed a timely Objection (Doc. 290). Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Petitioner's Objection and has made a de novo determination of the portion of the R&R to which Petitioner objects. For the reasons set forth below, the Court disagrees with the R&R and therefore declines to adopt it. Nevertheless, the

1

Court finds that Petitioner's Motion should be denied for the alternative reasons stated in this Order.

## I. BACKGROUND

In March 1994, Petitioner was sentenced to 270 months' imprisonment after he was convicted of charges arising out of a 1992 bank robbery. Sixty months of Petitioner's sentence were based on his conviction for violating 18 U.S.C. § 924(c)(1), which makes it an offense to use a firearm during and in relation to a crime of violence.

On May 9, 2008, Petitioner, proceeding pro se, filed the Motion that is presently before the Court. At that time, Petitioner had not previously filed a § 2255 petition. In his Motion, Petitioner contends that the Court should vacate his sentence on the 18 U.S.C. § 924(c)(1) conviction on the ground that § 924(c)(1) is an unconstitutional bill of attainder. See U.S. Const. art. I, § 9, cl. 3.

Though the Motion was not styled as such, the Magistrate Judge classified Petitioner's Motion as a Motion to Vacate Under 28 U.S.C. § 2255. The Magistrate Judge then issued his R&R, recommending that the "Motion to Vacate Under § 2255" be denied on the grounds that it is time barred and a second or successive petition. In his Objection, Petitioner contests the recharacterization of his Motion and also contends that the instant Motion cannot be deemed second or successive because he never filed a first § 2255 petition.

## II. DISCUSSION

The Court declines to adopt the R&R for two reasons. First, the Magistrate Judge erroneously concluded that Petitioner's Motion is a second or successive § 2255 petition. Petitioner never filed a first § 2255 motion. As a result, the current Motion, assuming that it should be treated as a § 2255 motion, is not a second or successive petition. See Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998) ("[A] § 2255 petition is 'second or successive' if a prior petition, raising claims regarding the same conviction or sentence, has been decided on the merits.").

Second, because Petitioner never filed a first § 2255 motion, the Magistrate Judge should not have recharacterized this Motion without complying with the requirements set forth by the Supreme Court in Castro v. United States, 540 U.S. 375 (2003). In Castro the Supreme Court held that a court cannot recharacterize "a pro se litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." Id. at 377 (emphasis in original). The Magistrate Judge did not comply with these requirements before recharacterizing Petitioner's Motion. As a result, the Court declines to adopt the R&R.

Although the Court declines to adopt the R&R, the Court finds that Petitioner's Motion should be denied. A district court does not have the inherent authority to modify an imposed prison sentence. United States v. Moreno, 421 F.3d 1217, 1219

3

(11th Cir. 2005); United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001); United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999). Under 18 U.S.C. § 3582(c), a court can only modify a defendant's term of imprisonment in three situations: (1) upon motion of the Director of the Bureau of Prisons for the reasons specified in 18 U.S.C. § 3582(c)(1)(A); (2) to the extent permitted by statute or Federal Rule of Criminal Procedure 35; or (3) when the Sentencing Commission has reduced the guideline range for the defendant's offense and made the reduction retroactive. 18 U.S.C. § 3582(c). There are two statutory exceptions to § 3582(c): (1) 28 U.S.C. § 2255, which authorizes a court to vacate, set aside, or correct the sentence of a prisoner whose sentence was imposed in violation of the Constitution or laws of the United States; and (2) 28 U.S.C. § 2106, which permits resentencing on remand from a court of appeals or the Supreme Court.

In this case, none of the § 3582(c) situations exist, and § 2106 is inapplicable. Moreover, Petitioner has not moved under § 2255. He did not style this Motion as a § 2255 petition, and in his Objection, he explicitly stated that he did not want this Motion to be recharacterized as one. As a result, the Court is without authority to modify Petitioner's sentence. His Motion is therefore denied.

### III.  **CONCLUSION**

For the foregoing reasons, the Court declines to adopt the R&R. Petitioner's Motion is nevertheless denied for the reasons stated in this Order.

4

**SO ORDERED**, this the 15th day of December, 2008

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc