IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

**CHARLES EDWARD JOSEPH,**      :
:
    **Petitioner,**      :
:
**v.**      :      **Case No. 5:93-CR-22**
:
**UNITED STATES OF AMERICA,**      :
:
    **Respondent.**      :
:

# ORDER

Petitioner has filed a Motion for Reconsideration (Doc. 317) of the Court's December 15, 2008, Order (Doc. 315) denying his "Motion for Court to Reconsider Its Jurisdiction to Impose the Enhanced Penalty Associated with Petitioner's Two Hundred and Seventy (270) Months Term of Imprisonment based on the Section 924(c) Violations" ("Motion for Court to Reconsider Its Jurisdiction") (Doc. 287). In that Order, the Court denied Petitioner's Motion on the ground that the Court was without authority to modify his imposed term of imprisonment. As the Court noted, 18 U.S.C. § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except" (1) upon motion of the Director of the Bureau of Prisons for the reasons specified in 18 U.S.C. § 3582(c)(1)(A); (2) to the extent permitted by statute or Federal Rule of Criminal Procedure 35; or (3) when the Sentencing Commission has reduced the guideline range for the defendant's offense and made the reduction retroactive. 18 U.S.C. § 3582(c). There are two statutory

1

exceptions to § 3582(c): (1) 28 U.S.C. § 2255, which authorizes a court to vacate, set aside, or correct the sentence of a prisoner whose sentence was imposed in violation of the Constitution or laws of the United States; and (2) 28 U.S.C. § 2106, which permits resentencing on remand from a court of appeals or the Supreme Court.

In this case, none of the § 3582(c) situations existed, Petitioner did not move under § 2255, and § 2106 was inapplicable. As a result, the Court held that it did not have the authority to modify his prison sentence. The Court therefore denied his Motion without addressing the merits of his argument.[1] In his Motion for Reconsideration, Petitioner insists that the Court does have the authority to modify his prison sentence. Petitioner's arguments are without merit for the reasons previously stated in the Court's December 15th Order. His Motion for Reconsideration is denied.

**SO ORDERED**, this the   29th   day of December, 2008

**s/Hugh Lawson**
**HUGH LAWSON, Judge**

dhc

---

[1] The basis for Petitioner's Motion for Court to Reconsider Its Jurisdiction was that § 924(c) is an unconstitutional bill of attainder. "Bills of attainder are 'legislative acts that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial.'" Garner v. Bd. of Pub. Works of City of Los Angeles, 341 U.S. 716, 722 (1951) (quoting United States v. Lovett, 328 U.S. 303, 315 (1946)). According to Petitioner, § 924(c) constitutes a bill of attainder because it singles out bank robbers. Although the Court believes that this argument is frivolous, it need not address its merits for the reasons stated in this Order and the Court's December 15th Order.

2